IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-302

 No. COA20-605

 Filed 6 July 2021

 Office of Administrative Hearings, No. 19 DHR 03066

 MOBILE IMAGING PARTNERS OF NORTH CAROLINA, LLC, Petitioner,

 v.

 NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES,
 DIVISION OF HEALTH SERVICE REGULATION, HEALTHCARE PLANNING
 AND CERTIFICATE OF NEED SECTION, Respondent,

 and

 INSIGHT HEALTH CORP., Respondent-Intervenor.

 Appeal by petitioner from final decision entered 20 February 2020 by

 Administrative Law Judge William T. Culpepper, III in the Office of Administrative

 Hearings. Heard in the Court of Appeals 9 June 2021.

 Wyrick Robbins Yates & Ponton LLP, by Lee M. Whitman and J. Blakely Kiefer,
 for petitioner-appellant.

 Attorney General Joshua H. Stein, by Assistant Attorney General Derek L.
 Hunter, for respondent-appellee.

 Fox Rothschild LLP, by Marcus C. Hewitt and Elizabeth Sims Hedrick, for
 respondent-intervenor.

 TYSON, Judge.

¶1 Mobile Imaging Partners of North Carolina (“Petitioner”) appeals from a Final
 MOBILE IMAGING PARTNERS V. NCDHHS

 2021-NCCOA-302

 Opinion of the Court

 Decision by an Administrative Law Judge (“ALJ”) affirming the decision of the North

 Carolina Department of Health and Human Services, Division of Health Service

 Regulation, Healthcare Planning and Certificate of Need Section’s (“DHHS”) decision

 to approve InSight Health Corps’ (“InSight”) (together, “Respondents”) application for

 a certificate of need (“CON”) for a mobile PET/CT (“PET”) scanner. This machine

 combines a positron emission tomography scan and a computerized tomography scan.

¶2 Petitioner appealed DHHS’ decision to the Office of Administrative Hearings.

 In February 2020, the ALJ affirmed and entered a Final Decision for Respondents.

 Petitioner appeals. We affirm.

 I. Background

¶3 Petitioner is a joint venture between Alliance HealthCare Services Inc.

 (“Alliance”) and University of North Carolina Rockingham Health Care, Inc. (“UNC-

 Rockingham”), a UNC-owned affiliate of the UNC Health Care System. Alliance

 operates two mobile PET scanners in North Carolina. InSight is a national provider

 of imaging services and offers mobile PET services in other states. Providers who

 desire to offer PET services within North Carolina must obtain a CON from DHHS.

 See N.C. Gen. Stat. §§ 131E-175 and -176(16)(f1)(8)(2019).

¶4 The 2018 State Medical Facilities Plan (“SMFP”) identified a statewide need

 for one additional mobile PET scanner to operate within North Carolina. InSight,

 Petitioner, and two other organizations each submitted CON applications to be issued
 MOBILE IMAGING PARTNERS V. NCDHHS

 2021-NCCOA-302

 Opinion of the Court

 the certificate for the additional mobile PET scanner pursuant to the SMFP.

¶5 Petitioner proposed to serve nine host sites across five of the six health service

 areas (“HSAs”) established across North Carolina. InSight proposed to initially serve

 two host sites located in only one of the six HSAs. The last date to submit applications

 to DHHS was 1 December 2018. DHHS reviewed timely submitted applications.

¶6 Both Petitioner’s and InSight’s applications included a letter of support from

 the Caldwell Memorial Hospital (“Caldwell”) signed by President/CEO Laura Easton.

 After applicants timely submitting their applications, Petitioner submitted written

 comments to DHHS within the form of another letter signed by Easton on 28

 December 2018. This subsequent letter purportedly rescinded Caldwell’s previous

 letter of support for InSight and advised DHHS that Caldwell was now fully

 supporting Petitioner’s application. Without Easton’s letter of support for Caldwell

 to host, InSight had only one remaining host site, Harris Regional Hospital, in

 Jackson County.

¶7 DHHS issued its decision approving InSight’s application and disapproving the

 remaining applications in April 2019. DHHS found and concluded InSight, Petitioner

 and Novant each conformed with all applicable statutory review criteria and

 performance standards, but it awarded the CON to InSight based upon the

 comparative review.

 II. Jurisdiction
 MOBILE IMAGING PARTNERS V. NCDHHS

 2021-NCCOA-302

 Opinion of the Court

¶8 Petitioner’s appeal is proper pursuant to N.C. Gen. Stat. §§ 131E-188(b) and

 7A-29(a) (2019).

 III. Issues

¶9 Petitioner challenges whether InSight’s application conformed with statutory

 criteria for the issuance of a CON. Petitioner argues InSight failed to meet Criterion

 1 and did not satisfy the statewide need determination. Petitioner also argues the

 ALJ erred in concluding InSight’s application conformed with Criterion 3 and 5 and

 concluding Petitioner’s rights were not substantially prejudiced.

 IV. Standard of Review

¶ 10 This Court reviews a decision by the ALJ, and may reverse or modify the

 decision if:

 [T]he substantial rights of the petitioners may have been
 prejudiced because the findings, inferences, conclusions, or
 decisions are:

 (1) In violation of constitutional provisions;

 (2) In excess of the statutory authority or jurisdiction of the
 agency or administrative law judge;

 (3) Made upon unlawful procedure;

 (4) Affected by other error of law;

 (5) Unsupported by substantial evidence admissible under
 G.S. 150B-29(a), 150B-30, or 150B-31 in view of the
 entire record as submitted; or

 (6) Arbitrary, capricious, or an abuse of discretion.
 MOBILE IMAGING PARTNERS V. NCDHHS

 2021-NCCOA-302

 Opinion of the Court

 N.C. Gen. Stat. § 150B-51(b) (2019).

¶ 11 Alleged errors in the ALJ’s decision in categories one through four are reviewed

 by this Court de novo. N.C. Gen. Stat. §150B-51(c) (2019). Under de novo review,

 this Court “considers the matter anew and freely substitutes its own judgment for

 that of the lower tribunal.” Cumberland Cnty. Hosp. Sys., Inc. v. N.C. Dep’t Health &

 Hum. Servs., 237 N.C. App. 113, 117, 764 S.E.2d 491, 494 (2014) (citations and

 internal quotations omitted). Categories five and six of N.C. Gen. Stat. § 150B-51(b)

 are reviewed under the “whole record” test. N.C. Gen. Stat. § 150B-51(c). Petitioner

 argues the issues before this Court are errors of law and subject to de novo review.

 V. Conforming with Criterion 1 and Statewide Need Determination

 A. Criterion 1

¶ 12 DHHS’ review criteria are statutory and the first is referred to as “Criterion 1”

 throughout the record. Criterion 1 requires:

 The proposed project shall be consistent with applicable
 policies and need determinations in the State Medical
 Facilities Plan, the need determination of which
 constitutes a determinative limitation on the provision of
 any health service, health service facility, health service
 facility beds, dialysis stations, operating rooms, or home
 health offices that may be approved.

 N.C. Gen. Stat. § 131E-183(a)(1) (2019).

¶ 13 “The Department shall review all applications utilizing the criteria outlined in

 this subsection and shall determine that an application is either consistent with or
 MOBILE IMAGING PARTNERS V. NCDHHS

 2021-NCCOA-302

 Opinion of the Court

 not in conflict with these criteria before a certificate of need for the proposed project

 shall be issued.” N.C. Gen. Stat. § 131E-183(a).

¶ 14 The 2018 SMFP included a need determination for one additional mobile PET

 scanner statewide. We combine the analysis of Petitioner’s first two issues in this

 section, because the answer to one will also necessarily answer the other.

¶ 15 Criterion 1 requires an applicant to demonstrate its application is “consistent

 with applicable policies and need determinations in the [SMFP].” N.C. Gen. Stat.

 §131E-183(a)(1). “Mobile PET Scanner” is defined as “a PET scanner and

 transporting equipment that is moved, at least weekly, to provide services at two or

 more host facilities.” 10A N.C. Admin. Code 14C.3701.(5) (2019) (emphasis supplied).

¶ 16 All CON applications, including InSight’s application, must demonstrate

 conformity with all statutory and regulatory review criteria. See Presbyterian-

 Orthopaedic Hosp. v. N.C. Dep’t Hum. Res., 122 N.C. App. 529, 534, 470 S.E.2d

 831,834 (1996) (holding “an application must comply with all review criteria” and the

 failure to comply with one review criterion supports entry of summary judgment

 against the applicant) (emphasis in original).

¶ 17 “It is well settled that when a court reviews an agency’s interpretation of a

 statute it administers, the court should defer to the agency’s interpretation of the

 statute . . . as long as the agency’s interpretation is reasonable and based on a

 permissible construction of the statute.” AH N.C. Owner LLC v. N.C. Dep’t of Health
 MOBILE IMAGING PARTNERS V. NCDHHS

 2021-NCCOA-302

 Opinion of the Court

 & Human Servs., 240 N.C. App. 92, 102, 771 S.E.2d 537, 543 (2015) (citation omitted).

 “It is proper to presume that an administrative agency has properly performed its

 official duties.” In re Broad & Gales Creek Cmty. Ass’n, 300 N.C. 267, 280, 266 S.E.2d

 645, 654 (1980).

¶ 18 “[The ALJ] is properly limited to consideration of evidence which was before

 the CON Section when making its initial decision.” Robinson v. N.C. Dep’t of Health

 & Human Servs., 215 N.C. App. 372, 376, 715 S.E.2d 569, 571 (2011).

¶ 19 InSight pointed to Petitioner’s effective monopoly on mobile PET services

 outside of Novant’s services and facilities. InSight also described Petitioner’s history

 of opposing opportunities to allow additional providers to introduce services to North

 Carolina’s health care market. InSight predicted new providers would find it difficult

 to obtain public support for their applications, based upon feedback it had received

 from potential host sites, who were wary of taking action to put their current service

 with Petitioner at risk.

¶ 20 InSight proposed a statewide mobile PET route with the scanner moving

 weekly between six potential host sites in eastern, central, and western North

 Carolina. At least three potential host sites told InSight they would not provide

 documentation to support its CON application due to their concerns about

 Petitioner’s reaction.

¶ 21 Petitioner undertook efforts to encourage InSight’s two host sites to rescind
 MOBILE IMAGING PARTNERS V. NCDHHS

 2021-NCCOA-302

 Opinion of the Court

 their support for InSight’s CON application. Petitioner prepared draft rescission

 letters for both of InSight’s host sites: Caldwell and Harris Regional. Caldwell’s

 president signed the letter. Harris’ did not.

¶ 22 Respondents set forth ample evidence before the DHHS and the ALJ showing

 any recission of support was the result of Petitioner’s anti-competitive behavior to

 ensure it was awarded the CON.

¶ 23 Additional evidence led both DHHS and the ALJ to conclude that InSight’s

 application met the two-host-site requirements notwithstanding Caldwell’s recission

 letter. DHHS evaluated the recission letter, wrote two pages in its findings

 addressing the recission drafted by the Petitioner and explained why it did not affect

 InSight’s conformity with Criterion 1. DHHS recognized Caldwell’s recission letter

 did not indicate that Caldwell was no longer interested in a contract with InSight to

 the extent InSight was awarded the CON. The letter merely expressed a preference

 that Petitioner be awarded the CON. The ALJ was limited to the record evidence

 before the agency’s hearing. Robinson, 215 N.C. App. at 375-76, 715 S.E.2d at 571

 (citation omitted). Caldwell’s president testified that if InSight had contacted her,

 she would have confirmed she would still consider contracting with InSight if it

 received the CON.

¶ 24 It cannot be said the ALJ’s review and interpretation of DHHS’ findings and

 conclusion that InSight met Criterion 1 is either unsupported or unreasonable.
 MOBILE IMAGING PARTNERS V. NCDHHS

 2021-NCCOA-302

 Opinion of the Court

 Substantial evidence supports the conclusion that InSight’s application complied

 with the host site requirement. Petitioner’s argument is overruled.

 B. Statewide

¶ 25 Petitioner contends the term “statewide” in the SMFP means “throughout the

 State,” while Respondents argue the term “statewide” means “anywhere in the State.”

 1. Standard of Review

¶ 26 Petitioner asserts the determination of whether an agency erred in its

 interpretation of a statutory term is entitled to de novo review. Cashwell v. Dep’t

 State Treasurer, 196 N.C. App. 81, 89, 675 S.E.2d 73, 78 (2009); N.C. Gen. Stat. §

 150B-51(b)(3). “When the issue on appeal is whether a state agency erred in

 interpreting a statutory term, an appellate court may freely substitute its judgment

 for that of the agency and employ de novo review.” Britthaven, Inc. v. N.C. Dept. of

 Human Resources, 118 N.C. App. 379, 384, 455 S.E.2d 455, 460 (1995) (citation

 omitted). The SMFP created by DHHS uses the word “statewide” in the need

 determination, but the word “statewide” is not included in the statute, Respondent’s

 administrative rules, or statutorily defined. N.C. Gen. Stat. § 150B-2(8a)(k) (2019).

 2. Interpretation

¶ 27 Petitioner argues the ALJ failed to conduct any analysis of the evidence

 demonstrating Respondent’s interpretation of “statewide” was contrary to: (1) the

 plain language of the need determination; (2) the rationale for the North Carolina
 MOBILE IMAGING PARTNERS V. NCDHHS

 2021-NCCOA-302

 Opinion of the Court

 State Health Coordinating Council’s inclusion of the need determination in the

 SMFP; (3) the CON statute; and (4) the policies in the CON Act.

¶ 28 The 2018 SMFP expressly concludes there is a “need for one additional mobile

 dedicated PET scanner statewide” and “the service areas listed in the table below

 need additional mobile dedicated PET scanners.”

¶ 29 DHHS prepared the need determination pursuant to its discretionary

 authority granted by the General Assembly as part of the CON Act. See N.C. Gen.

 Stat. § 131E-177(4) (2019). Petitioner’s argument, asserting the ALJ and DHHS

 misinterpreted its own meaning of “statewide,” would require us to conclude DHHS

 abused its own discretion by determining InSight’s application met DHHS’ own

 meaning of “statewide.” We conclude the ALJ properly upheld and concluded DHHS’

 interpretation of the term “statewide” was supported by substantial evidence. N.C.

 Gen. Stat. § 150B-51(b).

 C. Letter as Amendment

¶ 30 DHHS asserts Caldwell’s purported rescission letter was properly disregarded

 because it was an improper attempt by Petitioner to amend InSight’s submitted

 application. “An applicant may not amend an application.” 10A N.C. Admin. Code

 14C.0204 (2019). Caldwell was not an applicant in this CON review. Rule .0204 does

 not apply as a matter of law because, here, a CON applicant was not seeking to amend

 its own application. See In re Application of Wake Kidney Clinic, 85 N.C. App. 639,
 MOBILE IMAGING PARTNERS V. NCDHHS

 2021-NCCOA-302

 Opinion of the Court

 643, 355 S.E.2d 788, 790–91 (1987) (“The rules adopted by the Department of Human

 Resources to govern contested certificates of need hearings prevent a party from

 amending his application once it is deemed completed”). It stands to reason that if

 pursuant to Rule .0204 an applicant cannot “amend an application,” then another

 applicant cannot amend a competitor’s application. 10A N.C. Admin. Code 14C.0204;

 see In re Application of Wake Kidney Clinic, 85 N.C. at 643, 355 S.E.2d at 791.

 Petitioner’s argument is without merit.

 VI. Criterion 3 and 5

 A. Criterion 3

¶ 31 Petitioner argues InSight’s utilization and revenue projections were not

 reasonable nor adequately supported. “[F]indings of fact made by the agency are

 conclusive on appeal if they are supported by substantial evidence in the record

 reviewed as a whole.” Id. at 644, 355 S.E.2d at 791. The ALJ reviewed DHHS’

 decision to determine if, based upon the information available to it, it was supported

 by evidence in the record and was reasonable. Britthaven, 118 N.C. App. at 382, 455

 S.E. 2d at 459.

 The applicant shall identify the population to be served by
 the proposed project, and shall demonstrate the need that
 this population has for the services proposed, and the
 extent to which all residents of the area, and, in particular,
 low income persons, racial and ethnic minorities, women,
 handicapped persons, the elderly, and other underserved
 groups are likely to have access to the services proposed.
 MOBILE IMAGING PARTNERS V. NCDHHS

 2021-NCCOA-302

 Opinion of the Court

 N.C. Gen. Stat. § 131E-183(a)(3).

¶ 32 The president of Strategic Healthcare Consultants, who was charged with

 “prepar[ing] certificate of need applications, provid[ing] healthcare consulting, and

 strategic planning services,” testified the projections made in the application must be

 “reasonable and adequately supported” to conform with Criterion 3. To receive the

 CON in question, this Criterion required InSight to meet the performance standard,

 pursuant to 10A N.C. Admin. Code 14C.3703(a)(3), “of projecting of at least 2,080

 PET” scans in the third operating “year following completion of the project.”

¶ 33 “To fulfill its obligation of determining whether applications are consistent

 with statutory review criteria, [DHHS] must perform a meaningful analysis.” AH

 N.C. Owner, 240 N.C. App. at 108, 771 S.E.2d at 547. DHHS performs a meaningful

 analysis by determining “whether an applicant conforms to [the criterion], [DHHS]

 must analyze and give due regard to the information available to it that is reasonably

 related to an applicant’s history of providing quality care.” Id. at 109, 771 S.E.2d at

 547.

¶ 34 The ALJ made twenty-one findings of fact regarding Criterion 3 in the Final

 Decision. These findings of fact include:

 56. . . . [P]hysicians are using PET for an increasing
 number of indications, [InSight] assumed that the demand
 for PET services will continue to increase in the future.
 MOBILE IMAGING PARTNERS V. NCDHHS

 2021-NCCOA-302

 Opinion of the Court

 ....

 62. [InSight] projected that annual utilization of the
 proposed mobile PET scanner would exceed 2,080
 procedures withing the first three years of operation based
 on assumptions described in its application.

 63. [InSight’s] projections relied on a “need-based” or “use
 rate” methodology to project demand based on application
 of the use rate to the population to be served. A need-based
 methodology is just one of many accepted metrologies used
 by healthcare planners. [DHHS] deemed [InSight’s] used
 to a use rate/need-based methodology to be reasonable.

 64. . . . [InSight] began by using data from the North
 Carolina Office of State Budget and Management to project
 the population in the counties to be served . . .

 65. . . . [InSight’s] calculation was based on historical use
 of both mobile and fixed PET scanners . . .

 ....

 67. . . . [InSight] projected its anticipated market shares in
 the various counties that it proposed to serve. . . .

 InSight incorporated these presumptions into its methodology to project the number

 of scans it would provide in the first three operating years, by applying the projected

 market share to the projected demand in each county. Petitioner’s arguments were

 raised, responded to by InSight, and considered by DHHS. DHHS addressed these

 presumptions and found them to be reasonable and adequately supported.

¶ 35 DHHS and the ALJ’s Final Decision addressed the bases for InSight’s

 projections in detail and both determined that its demonstration of need and
 MOBILE IMAGING PARTNERS V. NCDHHS

 2021-NCCOA-302

 Opinion of the Court

 projected utilization were reasonable and adequately supported. Substantial

 evidence supports the reasonableness and adequacy of InSight’s projections.

 Petitioner’s argument is overruled.

 B. Criterion 5

¶ 36 Petitioner argues the ALJ’s findings on Criterion 5 are unreasonable and not

 adequately supported.

 Financial and operational projections for the project shall
 demonstrate the availability of funds for capital and
 operating needs as well as the immediate and long-term
 financial feasibility of the proposal, based upon reasonable
 projections of the costs of and charges for providing health
 services by the person proposing the service.

 N.C. Gen. Stat. § 131E-183(a)(5).

¶ 37 During the hearing, Martha Frisone, chief of the Health Care Planning and

 CON Section of DHHS, offered testimony. Her duties include directing and managing

 a team of twenty individuals in the implementation of North Carolina CON law.

 When asked about the requirements for Criterion 5, Frisone responded:

 There are several components. First, the financial and
 operational projections have to demonstrate the
 availability of funds for capital and operating needs as well
 as the immediate and long-term financial feasibility of the
 proposal based upon reasonable projections of the cost of
 and charges for providing health services by the person
 proposing the service.

¶ 38 When asked why InSight’s application was found to conform with Criterion 5,

 Frisone replied, “they provided what the capital cost was. We were satisfied that it
 MOBILE IMAGING PARTNERS V. NCDHHS

 2021-NCCOA-302

 Opinion of the Court

 was based on reasonable assumptions which were provided.” The exchange between

 Frisone and counsel continued:

 [Frisone]: We were satisfied that they had adequately
 documented the availability of those funds, and we were
 satisfied that the projected utilization and projected cost
 and charges were reasonable and adequately supported.

 [Counsel]: Okay. And as you sit here today, do you have
 any reason to disagree with the [DHHS’] determination
 that InSight was conforming with Criterion (5)?

 [Frisone]: I do not.

¶ 39 Petitioner further argues Caldwell’s President Easton, demonstrated InSight’s

 projections were unreasonable. Petitioner relies upon Easton’s testimony she “[did

 not] think” Caldwell needed twelve times its current service, she had “no reason to

 believe” that Caldwell could support 1,046 scans on a mobile PET per year, and

 Caldwell had not achieved a 95 percent market share in another service.

¶ 40 Easton did not share any concerns about InSight’s projections with DHHS in

 the rescission letter or otherwise during testimony. Easton acknowledged Caldwell

 was losing volume to other health care providers because its access to mobile PET

 scanners is limited. She also conceded it was reasonable to expect Caldwell’s volume

 to increase if it provided more services. Easton was unaware that InSight proposed

 to charge Caldwell a fee per scan and Caldwell would only have to pay the amounts

 InSight projected if it achieved the projected volumes to support it.

¶ 41 Evidence proffered at the ALJ hearing showed InSight anticipated helping
 MOBILE IMAGING PARTNERS V. NCDHHS

 2021-NCCOA-302

 Opinion of the Court

 Caldwell increase its market share. Through increased access and resources, InSight

 would help Caldwell leverage existing and new referral relationships.

¶ 42 The ALJ stated DHHS’ analysis relied upon four factors. “Of those four factors,

 Petitioner was found most effective on one factor and least effective on two factors.

 Novant was found most effective on one factor and least effective on one factor.”

 Petitioner was found lacking in two areas, and InSight was found lacking only in one.

¶ 43 Substantial evidence supports the ALJ’s conclusion DHHS acted reasonably

 and did not commit reversible error regarding review of InSight’s projections. The

 ALJ’s findings and conclusion that DHHS correctly determined InSight met the

 requirements of Criterion 5 is affirmed.

 VII. Petitioner’s Substantial Rights

¶ 44 “[A] petitioner in a CON case must show (1) either that the agency (a) has

 deprived the petitioner of property, (b) ordered the petitioner to pay a fine or civil

 penalty, or (c) substantially prejudiced the petitioner’s rights, and (2) that the agency

 erred.” Surgical Care Affiliates, LLC v. N.C. Dep’t of Health & Human Servs., 235

 N.C. App. 620, 624, 762 S.E.2d 468, 471 (2014) (emphasis in original).

¶ 45 Petitioner contends both DHHS and the ALJ erred by concluding Petitioner’s

 rights were not substantially prejudiced. Without error in the underlying decisions,

 we need not reach this analysis. For the reasons described previously herein, we

 affirm the ALJ’s Final Decision and decline to address Petitioner’s argument on
 MOBILE IMAGING PARTNERS V. NCDHHS

 2021-NCCOA-302

 Opinion of the Court

 prejudice.

 VIII. Conclusion

¶ 46 The ALJ reviewed DHHS’ evidence and findings and heard arguments from

 DHHS and Petitioner. Substantial evidence supported DHHS’ finding InSight

 complied with Criterion 1 and met the meaning of statewide in the ALJ’s Final

 Decision to grant them the CON for the additional mobile PET scanner.

¶ 47 The ALJ also affirmed DHHS’ finding InSight had complied with both

 Criterion 3 and 5 based upon DHHS’ analysis of the evidence and requirements in

 InSight’s application.

¶ 48 The ALJ Final Decision to affirm DHHS’ CON designation as properly

 complying with the statutory CON requirements is affirmed. It is so ordered.

 AFFIRMED.

 Judges INMAN and ARROWOOD concur.